

FILED
MAY - 9 2017
Clerk, U.S. District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TWO FIREARMS, 85 ROUNDS OF AMMUNITION<br><br>Defendants. | CV 16-149-BLG-SPW-TJC<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT, AND ORDER OF FORFEITURE |

Plaintiff, the United States of America, has moved for an entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court hereby makes the following Findings of Fact and Conclusions of Law:

1

**FINDINGS OF FACT**

1. On October 6, 2016, Plaintiff, United States of America, filed in this cause its Verified Complaint for Forfeiture *In Rem* against the defendant property, consisting of the following: Glock Inc. 23 GEN4 Pistol, Cal. 40, Serial Number YVC243; Stag Arms 6.8 Rifle, Cal. 68, Serial Number 42658; 85 rounds of Hornady Ammunition, Cal. 68, to forfeit property involved in a violation of 18 U.S.C. § 922(g)(3), and subject to forfeiture pursuant to 18 U.S.C. § 924(d). (Doc. 1, ¶ 1).

2. The Court issued a Warrant of Arrest *in Rem* (Doc. 4) and the defendant property was arrested on October 20, 2016. (Doc. 5).

3. Examination of the Court files and records in this case shows that pursuant to Supplemental Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States provided "direct notice" of this action to known potential claimant Kelly Moffitt on October 14, 2016, by mailing to her a copy of the Verified Complaint for Forfeiture *In Rem* and Notice of Complaint for Forfeiture by first-class mail and certified mail to the address Kelly Moffitt provided in her administrative claim. (Notice of Complaint for Forfeiture, Doc. 2; Declaration in Support of U.S. Motion for Entry of Defaults, Doc. 9, ¶¶ 5-7, and Exh. 1, 2 and 3; Supplemental Rule G(4)(b)(iii)(E)). The

certified mail receipt for Kelly Moffitt was signed for by Fern Moffitt on October 19, 2016. The first-class mailing sent to Kelly Moffitt at the same address was not returned to the U.S. Attorney's Office by the U.S. Postal Service. (Declaration in Support of Default, Doc. 9, ¶ 7, Exh. 3).

4. The Notice of Complaint for Forfeiture (Doc. 2) sets forth the deadlines for filing a verified claim to the defendant property, and answer or Rule 12 motion as required by Supplemental Rules G(5)(a) and (b). Kelly Moffitt failed to file a verified claim as instructed in the Notice of Complaint for Forfeiture at page 2-3, ¶¶ 3-4. (Doc. 2). Moffitt also failed to file an answer or a motion under Fed. R. Civ. P. 12, within 21 days after the filing of a claim as required by Supplemental Rule G(5)(b) and as instructed in the Notice of Complaint for Forfeiture at page 3, ¶ 5. (Doc. 2).

5. Service by publication of the forfeiture action pursuant to Supplemental Rule G(4)(a)(iv)(C) was also provided to potential claimants, both known and unknown, by publishing on the government's asset forfeiture web site the Notice of Forfeiture Action for 30 consecutive days, beginning on October 13, 2016 and ending on November 11, 2016. (*See* Declaration of Publication, Doc. 6, Attachment 1). No claim was filed with the Court within 60 days of the first day

of publication by any known or unknown potential claimant, as required by Supplemental Rule G(5)(a)(ii)(B).

6. After the United States moved for the entry of defaults of Kelly Moffitt and unknown potential claimants, supported by Declarations (Doc. 6, 8, 9), the Clerk of District Court entered the defaults of known potential claimant Kelly Moffitt, and unknown potential claimants on January 25, 2017. (Doc. 10).

7. The United States was also able to locate an additional known potential claimant, Wesley Hoffman, at the Adams County Detention Facility, in Brighton, Colorado, after the prior Notice of Complaint for Forfeiture (Doc. 2) was returned to the U.S. Attorney's Office. (Declaration in Support of Default of Potential Claimant Hoffman, Doc. 14, ¶¶ 6-7). A second Notice of Complaint for Forfeiture and a copy of the Verified Complaint for Forfeiture *In Rem* was personally served on Wesley Hoffman on January 26, 2017, at the Adams County Detention Facility. (Notice of Complaint for Forfeiture, Doc. 11, ¶ 1; Return of Service, Doc. 12). The Notice of Complaint for Forfeiture again set forth the deadlines for filing a verified claim to the defendant property and answer or Rule 12 motion as required by Supplemental Rule G(5)(a) and (b). (Doc. 11, ¶¶ 3-6). Wesley Hoffman failed to file a verified claim or an answer or Rule 12 motion as instructed in the Notice of Complaint for Forfeiture.

8. After the United States moved for entry of default supported by declaration (Doc. 13, 14), the Clerk of District Court entered the default of known potential claimant Wesley Hoffman on April 12, 2017. (Doc. 15).

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture In Rem to forfeit the defendant property consisting of firearms and ammunition, pursuant to 18 U.S.C. § 924(d)(1).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in and around Billings, Montana, and the defendant property is located in this district.

3. The Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure govern civil forfeiture actions. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

4. The Verified Complaint for Forfeiture in Rem sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of

proof at trial, to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant firearms and ammunition. Moffitt admitted that the defendant firearms, ammunition and the marijuana, methamphetamine, and loaded syringes in the vehicle in which she was a passenger were her property. (Doc. 1, ¶¶ 5-9). Under 18 U.S.C.§ 922(g)(3), it is unlawful for any person who is an unlawful user of or addicted to any controlled substances to possess any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. The driver of the vehicle, Wesley Hoffman, is a convicted felon with felony convictions for possession of dangerous drugs with intent to distribute/manufacture in 2002 and 2003, and a felony assault conviction in 2002. Hoffman admitted that he is prohibited from owning or possessing firearms. *Id.*

5. Under 18 U.S.C. § 924(d), any firearm or ammunition involved or used in any violation of 18 U.S.C. § 922(g) shall be subject to seizure and forfeiture.

6. The United States properly provided notice of this action to known potential claimants, Kelly Moffitt and Wesley Hoffman, under Rule G(4)(b)(i) and (iii). The United States properly provided notice by publication to unknown potential claimants under Rule G(4)(a)(iv)(C). The Clerk of District Court properly entered the defaults of known and unknown potential claimants in

accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5). (Doc. 10, 15).

7. The United States is entitled to default judgment against the defendant firearms and ammunition and against any claims to the defendant property under Fed. R. Civ. P. 55(b)(2). The United States is further entitled to an order of forfeiture of the defendant firearms and ammunition.

Based upon the foregoing findings of fact and conclusions of law,

**IT IS ORDERED:**

1. The United States is granted a default judgment against the defendant firearms and ammunition, which are more particularly described as follows: one Glock Inc. 23GEN4 Pistol, Cal. 40, Serial Number: YVC243; one Stag Arms 6.8 Rifle, Cal. 68, Serial Number: 42658; and 85 rounds Hornady Ammunition, Cal. 68.

2. The defendant firearms and ammunition are hereby forfeited to the United States and shall be disposed of in accordance with law.

**DATED** this 9th day of May, 2017.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge